WOONSOCKET UNION RAILROAD COMPANY v. ORRAY TAFT & COMPANY.

A subscription to the stock of a railroad contained, among others, a condition that the money subscribed was to be expended upon a particular section of the route. The declaration, in an action to collect the subscription, averred generally that the conditions required had all been complied with, and that the assessments had been "duly made and laid." *Held*, upon demurrer, that such general allegations were not sufficient, but that the manner in which the conditions had been performed, and the purpose for which the assessments had been made in fact, should be specifically stated.

THIS action was brought to collect a subscription by the defendants to the capital stock of the plaintiff corporation. The contract for subscription contained many conditions. A demurrer was filed to the declaration. An elaborate brief was submitted by the defendants' counsel, *J. G. Markland, Rollin Mathewson and William H. Potter*, and a short reply by the plaintiffs' counsel, *Thomas A. Jenckes*. But all the necessary facts in the case and the point upon which the demurrer was sustained and

the reasoning in regard to it are both sufficiently stated in the opinion of the Court, given by

DURFEE, J. Among the causes assigned for the demurrer to the plaintiffs' declaration is the following, to wit: "For that it is not well and sufficiently averred in said declaration that two thousand shares of the capital stock of said Woonsocket Union Railroad Company has been subscribed, and that thereafterward the said assessments mentioned in said declaration, and which are sought to be recovered, or any or either of them, were made by the said Woonsocket Union Railroad Company for the purpose of completing a section or sections of said road, commencing in the corporate village of Woonsocket upon the grade of the Providence and Worcester Railroad, running westerly, as mentioned in said agreement, to the vicinity of the village of Pascoag or Chepachet, nor that a section or sections of said road had been located, commencing in the corporate village of Woonsocket and upon the grade of the Providence and Worcester Railroad, and that said assessments or any of them were made for the purpose of completing said section or sections."

It is apparent, from an examination of the agreement set out in the declaration, that its primary purpose was to furnish a connecting link in a line of railway communication between Boston and New York, which, in passing through this State, should follow a particular route. In this view, the subscribers make their subscriptions, subject to the conditions, first, that the road shall follow the prescribed route; second, that it shall communicate by railroad with New York from its western, and with Boston from its eastern terminus; and, third, that five hundred thousand dollars shall be subscribed on these terms. The form in which the agreement appears suggests that this was its entire scope as originally drawn, and that it was afterwards extended by an addendum to subserve another purpose. This addendum (if so it may be termed) after stipulating for certain conditions in regard to any union, lease or contract to be made between the plaintiff corporation and any other company or companies, proceeds: "It is also further agreed that the said Woonsocket Union Railroad Company may, notwithstanding the provisions

heretofore made, complete a section or sections of said road commencing in the corporate village of Woonsocket, upon the grade of the Providence and Worcester Railroad, running westerly as aforesaid to the vicinity of Pascoag or Chepachet, whenever two thousand shares of the capital stock shall have been subscribed." Under this clause, whenever two thousand shares are subscribed, the company has authority to build the section described and to assess the subscribers to pay for it. The clause dispenses with the conditions expressed in the other clauses for that special purpose—but only for that special purpose. It gives no authority to do anything else, or to assess for anything else, until all the conditions, including the subscription of the $500,000, have been fully complied with. Assuming then that only $200,000 (which is all the declaration avers) have been subscribed, the plaintiff, in order to maintain this suit, would have to prove that the assessments, to recover which the suit was brought, were laid to pay for a section of the road, either made or to be made as described, between Woonsocket and Pascoag or Chepachet:— such being the only liability contracted by the defendant. But if such must be the proof, such also ought to be the averment. The declaration alleges, generally, that "all and every condition required to be performed previous to and in order to make the payments of said subscriptions binding and obligatory, have been duly and regularly performed," and that the assessments, to recover which the suit was brought, "were duly made and laid upon each share of said company," &c., without however alleging the specific purpose for which they were laid, or that they were laid for any other than the general purposes of the road.

The question raised under that claim of the demurrer which we have recited, is whether, according to the rules of good pleading, so general an allegation is sufficient. The rule of pleading on this point, as laid down by Gould is, that "if the declaration omit the averment of any fact which is of the gist of the action, the omission is fatal and the defect incurable." And he goes on to explain, "The gist of the action is that without which there is no cause of action. It comprehends therefore whatever

is indispensable in law to a right of recovery." Gould's Pleading, pp. 174, 175, §§ 11, 12. In this case, "that without which there is no cause of action" against the defendants, is the building of a section of the road between Woonsocket and Pascoag or Chepachet, or at any rate, an intent to build on it on the part of the company, as also it is "indispensable in law to a right of recovery" that the assessments for which the action is brought should have been laid to pay for building such a section of the road. The allegation that "all and every condition," &c., "have been duly and regularly performed," and that the assessments "were duly made and laid," does not, as we think, come up to the requirements of the rule as laid down by Gould. And indeed, in another section of his work he remarks "the words 'duly,' 'lawfully,' &c., without a statement of the special facts of which they are predicated, have, in general, no effect, for such terms are not only indefinite, but affirm matter of *law* instead of *fact*, and consequently are not traversable." The plaintiff should aver in what manner the "conditions" referred to have been performed, and for what purpose the assessments have been laid, stating the facts which would enable the defendants to proceed directly to the precise issues of law or fact on which they may choose to rest their defence.

The case of *Trott* v. *Sarchett*, 10 Ohio, 241, is a case in point in support of this view of the law. That was an action to recover subscriptions which were made on the condition that they should be expended on a certain line of road, and the court held that the action could not be maintained without an averment that the road had been constructed, or that the plaintiffs were ready and willing to expend the subscriptions according to that condition.

Without therefore considering the other ground of demurrer, we think that on this ground the demurrer ought to be sustained.

Bradley, C. J., having been of counsel for defendants in similar cases pending against other subscribers, did not sit in this case.